Turley, J.
delivered the opinion of the court;
At the October term, 1836, of the circuit court of Weak-ley county, George M’Lain was convicted 6f the cíame of murder in the first degree. During the progress’ of the trial, several hills of exceptions were filed for irregularity in conducting the same, and after the verdict had been returned, a motion was made for a new trial founded on the affidavits of John Clayton, one of the jurors, and Martin B; Brim. The affidavits of Clayton and Brim, show that after the jury were sworn and during the continuance of the trial which lasted several days, apart of the jury did very frequent-1 ly of a night, after they had retired from the court, absent .themselves from the balance of the jury without being under the charge of an officer, and remain absent for the space of ■fifteen or twenty minutes.
The principal question in this case is, whether the court below erred in refusing to grant a new trial for the causes set forth in-these affidavits. We think it did. The right of trial by jury, has always in England and in this country, been considered of such vital importance to the security of the life, liberty'and property of the citizen, that great care has been taken’to preserve it unimpaired. That the person accused may have the full benefit of a judgment by his peers, it is absolutely necessary that the minds of the jurors should not have prejudged his case, that no impression should be made to op~ *242 erate on them, except what is derived from the testimony -given in court, and that they should continue impartial and unbiased. These objects can only be obtained by selecting those who have no preconceived opinion as to the guilt or innocence of the prisoner, and by not permitting them to separate from each other after .they have been sworn, and mingle with the balance of the community. This was directed to be done in the case now under consideration, hut was not complied with. The affidavits, which are uncontradicted, show conclusively, that several of the jury repeatedly separated from the others, without the care of the officer appointed by the court to attend them, and were absent for the space of fifteen or twenty minutes; long enough to have been tampered with if there had been any disposition to do so. It is not necessary for the prisoner to prove that they were during their absence subjected to improper influence from others, it is sufficient if they might have been. There would be no safety in a different rule of practice, for it would be almost impossible ever to bring direct proof of the fact that it was done.
This question has been fully examined by the general court of the State of Virginia, in the case of The Commonwealth vs. John M'Call, 1 Va. Ca. 271. In that case the separation of the jury was not under more exceptionable circumstances, nor for a longer time than in this; neither was there proof of any actual tampering or conversation on the subject of the trial with the jurymen. The court held that it was not necessary that this should be proven in order that the verdict should be set aside and a new trial granted. This decision is, we think, supported by English authority. 1 Chitty’s Criminal Law, 634.
The case of The State vs. Merrill Miller, determined by the supreme court of North Carolina at the June term, 1836, is referred to by the attorney general as contradictory to this proposition. In that case the jury had been permitted to retire under the custody of the sheriff. In a few minutes after-wards the sheriff returned with eleven of the jurors only, but the other juror returned in less than two minutes, and when the judge expressed his strong disapprobation of his conduct, excused himself by stating that he was obliged to step aside to obey the cabs of nature. This was insisted upon as a cause *243 for a new trial, which was refused by the court below. On an appeal to the supreme court, it was held by Ruffin, C. J. • and Daniel J. to be a reason for applying to the discretion of the judge in the court below for a new trial, and not to render the verdict a nullity and a venire de novo proper. But Gas-ton J. dissented, and held that minor irregularities are grounds for new trials addressed to the discretion of the judge who presided at the trial, but that any unauthorised or unexplained separation of a juror from his fellows, in a capital case, in law vitiates the verdict, and a venire facias dr, novo should be awarded.
It is to be observed of this case, that under the circumstances in which the juror separated from his fellows, and the short period of time, (viz: two minutes,) which he remained absent from them, it was almost impossible that any undue influence could have been made to operate on him, and that therefore, this case stood very nearly as if there had been direct and positive proof that the Juror during his absence had seen or conversed with no person whatever. Chief Justice Ruffin, in his opinion says: “I cannot think that an absence of a juror for two minutes from the body of the jury, without communicating with any person, as far as'appears upon this or any other subject, does by itself annul the finding.” If the absence bad been for a period of time sufficiently long to have enabled persons to tamper with the juror, or to operate on his hopes or fears, would the judge have said the same thing? we apprehend not, for stress is laid upon the time, “two minutes.”
But if the decision is to be considered as sustaining the proposition as broadly as has been contended for, to wit: that no unauthorised separation of a jury during the progress of the trial, will vitiate the verdict, unless there be proof of tampering with the jury, we cannot recognise the authority of the case, especially as it is much weakened by the dissenting opinion of that able lawyer judge Gaston.
There are several other questions presented by this record which we consider unnecessary to examine, as the points already considered are decisive of the case. The judgment will he reversed and the cause remanded to Weakley county for a new trial.
Judgment reversed.